1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Shantelle Sloan,                                  No. CV-16-08059-PCT-DGC

10           Plaintiff,                               **ORDER**

11  v.

12  United States of America, et al.,

13           Defendants.

14

15

16       Plaintiff asserts claims against several Navajo Nation police officers ("Individual

17  Defendants") for unlawful arrest and excessive force, and against the United States for

18  negligent supervision and other torts.  Doc. 1.  The United States moves to dismiss

19  Plaintiff's negligent supervision claim pursuant to Federal Rule of Civil Procedure

20  12(b)(6).  Doc. 8.  The motion is fully briefed (Docs. 14, 15) and no party requests oral

21  argument.  The Court will grant the motion with leave to amend.

22  **I.       Background.**

23       The allegations in the complaint are taken as true for purposes of this motion.  On

24  November 20, 2014, Plaintiff called the Navajo police because she wanted help removing

25  someone from her home.  Doc. 1, ¶ 6.  The Individual Defendants arrived and entered

26  Plaintiff's home without permission.  ¶ 7.  "Plaintiff was violently and injuriously

27  grabbed by the arm and forcibly removed from her home," and the Individual Defendants

28  "wrongfully arrested Plaintiff, without any reasonable belief that she had committed any

1
2
3
4
5
6

offense." ¶ 8. One of the Individual Defendants "shoved Plaintiff against the police car, pulled her arm as high as he possibly could and caused Plaintiff to suffer a painful bone fracture." ¶ 9. Plaintiff was never charged with any offense. ¶ 11. Plaintiff alleges that the Individual Defendants were employed by a federal contractor at the time of the incident and were therefore federal employees for purposes of the Federal Tort Claims Act ("FTCA"). ¶ 3.

7
8
9
10
11

Plaintiff's first claim for relief asserts that "[t]he United States is vicariously liable for the failure of the Individual Defendants, as federal officers, to conform to their legal duties as police officers." ¶ 13. She asserts that the United States failed to exercise care in supervising, training, and hiring its officers. ¶ 14. She contends that this failure directly caused her injuries. ¶ 15.

12

**II.    Legal Standard.**

13
14
15
16
17
18
19
20
21
22
23

A successful Rule 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

24

**III.   Analysis.**

25
26

Judge Humetewa recently dismissed a virtually identical claim brought by the attorney now representing Plaintiff. Judge Humetewa explained:

27
28

FTCA actions "are governed by the law of the place where the act or omission causing the injury occurred." *Mundt v. United States*, 611 F.2d 1257, 1259 (9th Cir. 1980) (citing 28 U.S.C. § 1346(b)).    For an employer to be held liable for negligent

1
2
3
4

supervision under Arizona law, a plaintiff must demonstrate (1) that the employer knew or should have known that the employee was not competent to perform the assigned task and (2) that the employer's failure to supervise the employee caused the plaintiff's injury. *See Rice v. Brakel*, 233 Ariz. 140, 145 (Ariz. Ct. App. 2013) (citing *Humana Hosp. Desert Valley v. Superior Court*, 154 Ariz. 396, 400 (Ariz. Ct. App. 1987)).

5
6
7
8

In the Complaint, Plaintiff only alleges that Defendant Toddy was "an employee of a federal contractor under the ISDEAA" and therefore "a federal employee under the Federal Tort Claims Act." (Doc. 1 at 1-2, ¶ 3). He concludes that because Toddy was a federal employee under the FTCA, the United States is "vicariously liable for the failure of the Navajo Nation to conform to its legal duty" to supervise Toddy. (*Id.* at 3, ¶ 8).

9
10
11
12
13
14
15

These conclusive statements do not allege, or even suggest, that the United States knew that Toddy was not competent to perform his law enforcement duties. As such, the facts as pled in the Complaint do not allow the Court to reasonably infer that the United States is liable for Toddy's alleged misconduct, and therefore fall far short of the plausibility standard set forth in *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556). Nor does Plaintiff sufficiently allege the causation element with the conclusory assertion that the United States' failure to supervise Toddy "caused Defendant Toddy's abuse of Plaintiff and the damages suffered by Plaintiff." (Doc. 1 at 3, ¶ 9). A bare recitation of the legal elements of a claim will not save the claim from dismissal.

16
17

*Slim v. United States, et al.*, No. 15-CV-00785-DJH (D. Ariz., Jan. 4, 2016) (Doc. 19 at 4-5).

18
19
20
21
22

Plaintiff's claim in this case fails for similar reasons. Nowhere does Plaintiff allege that the arresting officers were not competent to perform their duties, that their employer knew or should have known that they were not competent, or that the employer failed to supervise or train them. The Court declines Plaintiff's invitation to assume these facts from the fact that her arm was broken during the police visit to her home.

23
24
25
26
27
28

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). It appears that Plaintiff may be able to cure her negligent supervision claim by alleging additional facts. Therefore, the Court will grant leave to amend. After filing an amended complaint, Plaintiff's counsel and government's counsel shall confer regarding any remaining deficiencies that might be corrected by further amendment. *See* Doc. 7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's motion states that Plaintiff's counsel failed to respond to defense counsel's efforts to comply with Doc. 7.  *See* Doc. 8 at 1 n.2.  All attorneys shall comply fully with the Court's orders in the future.

**IT IS ORDERED** that the United States' motion to dismiss (Doc. 8) is **granted**. Plaintiff may file an amended complaint on or before **July 22, 2016.**

Dated this 30th day of June, 2016.

David G. Campbell
United States District Judge