Joshua M. Montagnini
Arizona Bar No. 032399
Mason & Isaacson, P.A.
P.O. Box 1772
104 E. Aztec Ave.
Gallup, NM 87305-1772
505-722-4463
Fax: 505-722-2629
josh@milawfirm.net

*Attorneys for Roland Dash and Glenn Smith, Jr.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHANTELLE SLOAN;<br><br>      Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA; CALVIN GISHIE; GLENN SMITH, JR.; LAMONT BROWN; RANDALL TOMASYO; ROLAND DASH,<br><br>      Defendants. | Case No. 3:16-cv-08059-DCG<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Roland Dash and Glenn Smith, Jr., hereinafter the "Individual Defendants", by and through their attorneys of record, Mason & Isaacson, P.A. (Joshua M. Montagnini), submit the following Answer to Plaintiff's First Amended Complaint (Doc. 24). To the extent not specifically admitted below, the allegations are denied. Answering specifically the paragraphs of the Complaint and utilizing the same paragraph numbering, the Individual Defendants respond as follows:

1. Individual Defendants admit that this case arises under the Federal Tort Claims Act, 28 USC § 2674, et seq., and the Indian Self-Determination and Education Assistance Act of 1975, popularly known as "Public Law 93-638", 25 U.S.C. § 450, et seq. ("ISDEAA"), and deny the remainder of Paragraph 1.

2. Individual Defendants deny the allegations of Paragraph 2.

3. Individual Defendants admit that they were employed under the ISDEAA and were acting within the scope of their duties at the time of the incident, but deny the remainder of Paragraph 3.

4. Individual Defendants admit the allegations of Paragraph 4.

## First Claim for Relief

### (Negligence by a Federal ISDEAA Contractor)

5. As to the allegations of Paragraph 5, Individual Defendants incorporate by reference his preceding answers.

6. Individual Defendants admit the allegations of Paragraph 6.

7. Individual Defendants deny the allegations of Paragraph 7, including all subparagraphs.

8. Individual Defendants admit the allegations of Paragraph 8.

9. Individual Defendants deny the allegations of Paragraph 9.

10. Individual Defendants deny the allegations of Paragraph 10.

11. Individual Defendants deny the allegations of Paragraph 11.

12. Individual Defendants deny the allegations of Paragraph 12.

13. Individual Defendants admit that Plaintiff was never prosecuted and that no complaint was ever filed. Individual Defendants deny the remainder of Paragraph 13.

14. Individual Defendants deny the allegations of Paragraph 14.

15. Individual Defendants deny the allegations of Paragraph 15.

16. Individual Defendants deny the allegations of Paragraph 16.

17. Paragraph 17 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendants deny that Plaintiff is entitled to the relief requested.

## SECOND CLAIM FOR RELIEF

**(Denial of Due Process against Contractor's Officers pursuant to *Bivens*)**

18. As to the allegations of Paragraph 18, Individual Defendants incorporate by reference his preceding answers.

19. Individual Defendants deny the allegations of Paragraph 19.

20. Individual Defendants deny the allegations of Paragraph 20.

21. Individual Defendants deny the allegations of Paragraph 21.

22. Paragraph 22 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendants deny that Plaintiff is entitled to the relief requested.

## THIRD CLAIM FOR RELIEF

**(Illegal Search and Seizure against all Defendants pursuant to Bivens)**

23. As to the allegations of Paragraph 23, Individual Defendants incorporate by reference his preceding answers.

24. Individual Defendants deny the allegations of Paragraph 24.

25. Individual Defendants deny the allegations of Paragraph 25.

26. Individual Defendants deny the allegations of Paragraph 26.

27. Paragraph 27 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendants deny that Plaintiff is entitled to the relief requested.

## FOURTH CLAIM FOR RELIEF

### (Battery against the Contractor's Officers)

28. As to the allegations of Paragraph 28, Individual Defendants incorporate by reference his preceding answers.

29. Individual Defendants deny the allegations of Paragraph 29.

30. Individual Defendants deny the allegations of Paragraph 30.

31. Individual Defendants deny the allegations of Paragraph 31.

32. Paragraph 32 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendants deny that Plaintiff is entitled to the relief requested.

## FIFTH CLAIM FOR RELIEF

### (Assault against the Contractor's officers)

33. As to the allegations of Paragraph 33, Individual Defendants incorporate by reference his preceding answers.

34. Individual Defendants deny the allegations of Paragraph 34.

35. Individual Defendants deny the allegations of Paragraph 35.

36. Individual Defendants deny the allegations of Paragraph 36.

37. Paragraph 37 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendants deny that Plaintiff is entitled to the relief requested.

38. Paragraph 38 of the Complaint contains Plaintiff's prayer for a jury trial, to which no response is required. To the extent a response is deemed necessary, the Individual Defendant acknowledges that Plaintiff is entitled to a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES**

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his tribal remedies.

3. The Court may lack subject matter jurisdiction over some or all of the Plaintiff's claims against the Individual Defendants.

4. The Court may lack subject matter jurisdiction over some or all of the Plaintiff's claims due to the Sovereign Immunity of the Navajo Nation and the Individual Defendants.

5. Plaintiff's injuries and damages, if any exist, are attributable to pre-existing and/or subsequent conditions and/or incidents.

6. Plaintiff has failed to mitigate her damages, if any exist.

7. The negligence or wrongdoing of the Plaintiff or other third parties has caused or contributed to cause the matters complained of in the complaint.

8. The Plaintiff's complaint is barred by the doctrine of assumption of risk.

9. The FTCA is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the Individual Defendants. 28 U.S.C. § 2679(b)(1) (1996 Supp.) 25 C.F.R. § 900.204 (1996).

10. The Individual Defendants incorporate by reference herein the defenses and affirmative defenses asserted by any Other Defendant to the extent they may be applicable.

11. The Individual Defendants reserve the right to assert other affirmative defenses that may be appropriate after discovery and investigation of the claims being asserted against them have been conducted.

WHEREFORE, Defendants ROLAND DASH and GLENN SMITH, JR. request the Court deny the relief requested by Plaintiff, and for any other relief the Court deems just and proper.

Respectfully submitted this 16th day of August, 2016.

By /s Joshua M. Montagnini
Joshua M. Montagnini
Mason & Isaacson, P.A.
Arizona Bar No. 032399
P.O. Box 1772
104 E. Aztec Ave.
Gallup, NM 87305-1772
505-722-4463
Fax: 505-722-2629
josh@milawfirm.net
*Attorneys for Roland Dash and Glenn Smith, Jr.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 16th day of August, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **David Robert Jordan**<br>Law Offices of David R Jordan PC<br>P.O. Box 840<br>Gallup, NM 87305<br>505-863-2205<br>505-604-5709 (fax)<br>david@jordanlegal.com | **Kristina Louise Morrison**<br>US Attorneys Office - Phoenix, AZ<br>2 Renaissance Square<br>40 N Central Ave., Ste. 1200<br>Phoenix, AZ 85004-4408<br>602-514-7500<br>602-514-7760 (fax)<br>Kristina.Morrison@usdoj.gov |

                                        By /s Joshua M. Montagnini
                                        Joshua M. Montagnini
                                        Mason & Isaacson, P.A.
                                        josh@milawfirm.net